## W. R. HUNT & G. L. DRIVER, Exrs., *v.* J. T. GRIFFIN.

1. CIRCUIT COURT PRACTICE—JUDGMENT OF DISMISSAL.—When a cause in the circuit court was dismissed, at the April term, 1872, and at the April term, 1873, on motion to docket the case again, the court overruled the motion. *Held:* That this judgment of the court was correct. An order on the minutes, being a mere entry of "dismissed," is informal, yet the clerk has no right to disregard it, and continue the cause on the docket.

2. SAME—DISCONTINUANCE.—A discontinuance is either voluntary or involuntary; voluntary where the plaintiff withdraws his suit; involuntary when, in consequence of some technical omission, mispleading, or the like, the suit is regarded as out of court. A discontinuance is somewhat similar to a non-suit, for when a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process regularly, from time to time, as he ought to do, the suit is discontinued. If a case be *non pross.*, and not reinstated at the same term, it is discontinued, and cannot be reinstated at a subsequent term.

Error to the circuit court of Chickasaw county. Hon. W. D. BRADFORD, Judge.

Plaintiff in error brought suit at the April term, 1867. It was continued from term to term, until the April term, 1872, when the suit was dismissed, and the judgment of dismissal entered on the minutes of the court. At the April term, 1873, a motion to docket was made because the case had been omitted from the docket improperly by the clerk, that it was regularly on the docket until the April term, 1872, since which time it had been omitted by the clerk, there having been no order of the court finally disposing of the cause, that at the time of the pretended order of dismissal, one of the plaintiffs, Wm. R. Hunt, was dead, and the pretended order of dismissal was taken without revivor, or other notice of his death. Thos. C. Lyon, deputy clerk, states that one of the attorneys for plaintiff applied to him to docket the cause of Hunt & Driver v. Griffin, on the 14th of April, 1873, and he refused; that the cause was properly on the docket at the April term, 1872, and was not brought forward on the docket at the October term, 1872, because of the judgment of dismissal entered at the April term, 1872; W. F. Tucker was one of the attorneys of Hunt & Driver; displeased at

one of Mr. Hunt's letters, he wrote to him that he would represent him no longer, and to employ other counsel; this was some time before the succeeding term of the court at Houston; how long I cannot say, but long enough for him to speak to Judge Kilpatrick to represent him; when the case was called at the April term, 1872, he said to attorneys for Griffin that he did not represent Hunt & Driver, and that they could take what course they pleased.

The court overruled the motion to docket, and the case comes to this court upon writ of error.

The following is assigned for error:

1. That the pretended judgment "dismissed," rendered at the April term, 1872, is either erroneous or void.

2. That the entry of "dismissed," made at the April term, 1872, of the circuit court, on the minutes of the court, is no judgment.

3. That the court erred in overruling the motion to re-docket the cause.

*Houston & Reynolds*, for plaintiff in error:

The questions presented by the assignments of error are, that the judgment rendered at the April term, 1872, of "dismissed," is erroneous; that said judgment is void, and that the clerk improperly omitted the cause from the docket, and the circuit court erred in overruling the motion to docket the cause. The judgment "dismissed" is erroneous. A judgment is the sentence of the law pronounced by the court upon the matter contained in the record. 2 Tuckers Com., 32 and 71; Freeman on Judgments, § 2. The entry "dismissed," is defective as a judgment, in the following essential particulars:

1. It does not purport to be pronounced by the court. The usual form is, "It is considered" by the court that plaintiff or defendant, etc.

2. It is not the sentence of the law upon any matter contained in this record, or which is recited in the judgment itself.

3. It does not impose costs upon either party.

4. It is not in accordance with any precedent, ancient or modern.

5. It is a mere memorandum, the meaning of which is doubtful.

6. It does not recite why dismissed, or how. The entry " dismissed," is no judgment; it is a simple nullity. The words " this cause dismissed," or equivalent words, do not amount to a judgment. Wooten v. Manning. 16 Tex., 327.

The following entry, " on motion of plaintiff's attorneys, judgment rendered against sureties in appeal bond, with costs," was held to be the " saying of the clerk, and not the consideration of the court," and was no judgment. Wheeler v. Scott, 3 Wisconsin, 363 ; Lincoln v. Cross, 11 Wisconsin, 94, 95.

The omission of the words to show that the judgment was the consideration of, and prononnced by the court, is fatal, and makes it a nullity. Baker v. State, 3 Pike, 491; Ware v. Pennington, 15 Ark., 226.

The entry must not only indicate what adjudication took place, but it should also appear to have been the entry of a judgment, and not a mere memorandum, from which a judgment was to be constructed. Taylor v. Runyan, 3 Clark, 474; Martin v. Barnhurst, 39 Ill., 9; Hinson v. Wall, 20 Ala., 298.

We need not multiply authorities. The judgment is· clearly a nullity. If the judgment is erroneous or void, the writ of error having been presented to revise the judgment, as well as the action of the court in overruling the motion, the first assignment of error is well taken, and this court will reverse and remand. If the judgment be void, the clerk improperly omitted the cause from the docket, and the circuit court erred in overruling the motion to docket the cause. But it is urged, it was in the court below, that the cause having been omittted from the docket for the period of one year, two terms of the court operates as a discontinuance of the action. The

omission to docket was the fault of the clerk, and his failure or neglect to docket a cause or continue a cause on the docket, though no order was made for several terms, will not operate as a discontinuance. *Ex parte* Remson, 31 Ala., 272; Harral v. State, 2 Ala., 52; 6 Humph., 419; 24 Ala., 354; 11 Georgia, 599; 2 English, 338, 341; 1 Swan, 265. The plaintiff in the action had nothing to do with the omission of the cause from the docket. It was the act of the clerk, obeying the pretended judgment "dismissed."

*A. H. Handy*, for defendant in error:

1. The judgment of dismissal of the suit at April term, 1872, is neither void nor erroneous.

It was an order regularly entered on the minutes of the court, which was required by law to be signed by the presiding judge, and which must be presumed to have been done. It must, therefore, be taken as the act of the court; and the numerous cases cited by counsel for plaintiff, to show that it was the *mere act* or " *saying* " *of the clerk*, and hence is invalid as a judgment of the court, are inapplicable and without force. In none of those cases, does it appear that the judgment or order considered in them, was *entered on the minutes* and *signed by the judge*.

But it is said that the order of dismissal is void, because the entry does not state that it was " *considered by the court* " that the cause be dismissed; and cases are cited holding that these, or equivalent words, are proper and *necessary* to make a judicial order valid.

However this may be in the States in which these decisions were made, it is settled in this State, that such formal words are not necessary to make a legal judgment. Miller v. Patton, 3 S. & M., 467; Washington v. Norris, 3 How., 227.

And this is a sound rule, and no injury or prejudice can result from it under our judicial practice, requiring the minutes to be *signed by the judge*, if the entry made be such as clearly and certainly shows that the case was thereby determined, and in what particular manner. Here the entry on

the minutes, stating that the case was *dismissed*, on a particular day, as fully and unmistakably showed that it was finally ended and determined, as if the vocabulary of technical words had been employed to express it.

The rule requiring formal technical words in entries of judicial proceedings here, would often lead to great injury to the just rights of parties, considering that there are many clerks who are unskilled in such matters ; and, hence, the rule has been sustained by our courts, that whenever, the entry was made on the minutes of the court, signed by the judge, and showing fully and substantially all that was done by the court in the matter, it would be sufficient, whether in technical form or not.

It is clear that the order of dismissal, as entered, disposed finally of the case, and that it was the judicial act of the court.   It remained in that condition for nearly a year, and the jurisdiction of the court over it was at an end ; and it is settled, that after the expiration of the term, the court had no power to reinstate it.  Sagory v. Bayless, 13 S.,& M., 153.

And the extent of the power of a judge to reinstate cases dismissed, is, that he may, at the next term, reinstate cases dismissed in vacation.  Code, § 542.   But when a case is dismissed during term time, he has no power to reinstate it at a subsequent term.

2. This writ of error goes only to the *judgment of dismissal.*

If the position of plaintiff's counsel be correct, that the judgment of dismissal is void, then it follows, that there is no judgment to which the writ of error lies, and therefore, this writ must be dismissed.  Baker v. State, 3 Ark., 491.  And if there is a judgment, it is not shown that any error was committed by the court in rendering it.   On the contrary, it appears, by the bill of exceptions, that the dismissal was proper ; and it is not claimed, on behalf of the plaintiffs that there was further error in the dismissal than in the form of the entry, which is alleged to be void.

3. The writ of error does not extend to the order and *judg-*

*ment overruling the motion to reinstate.* But if it did, under the rule contended for by plaintiffs' counsel, it would be unavailing, because there is no judgment by *consideration of the court* overruling the motion; and his argument upon the first point, that the order of dismissal is void, is suicidal as to the overruling the motion to reinstate.

But, independent of this, the only ground on which the motion to reinstate can be said to have been erroneously overruled, is that the judgment of dismissal was void, which is above shown to be untenable.

As to the *suggestion in the motion* to reinstate, that Hunt, the complainant, was dead, it is sufficient to say, that there was no evidence adduced on the hearing of the motion to prove that fact; and the presumption is, there was no such evidence offered.

The authorites cited by plaintiffs' counsel, are to two points :

1. When the act of dismissal or discontinuance is the *mere act of the clerk*, and not of the court; which is not the case here.

2. Holding that an informal judgment, like this, is insufficient, because not showing by its terms or import, that it is by *consideration of the court*, which rule is repudiated by our courts, under our system of judicial procedure.

PEYTON, C. J., delivered the opinion of the court :

The plaintiffs in error instituted suit in the circuit court of Chickasaw county, against the defendant, in 1867.

The minutes of said court show that at the April term, thereof, 1872, the suit was dismissed; and at that, the April term, a motion was made by the plaintiff in error to docket the said cause, which was overruled by the court, and hence, the case is brought to this court by writ of error.

It is contended on the part of the plaintiffs in error, that the mere entry on the minutes of the court that the suit is " dismissed," would not justify the clerk in omitting to con-

tinue the cause on the docket, and the court, therefore, erred in overruling the motion to redocket the case.

Although the judgment of dismissal is conceded to be informal, the clerk had reason to believe that it was a final disposition of the case, and until that order of the court was set aside, he had no right to disregard it, and continue the cause upon the docket. It was not for him to assume the judicial function to determine the effect of the order of the court, purporting to be a dismissal of the case, and he, therefore, acted properly in not continuing the case on the docket.

The cause was discontinued, and the court did not err in overruling the motion to redocket it.

A discontinuance is either voluntary or involuntary. Voluntary, where the plaintiff withdraws his suit; involuntary, where in consequence of some technical omission, mispleading, or the like, the suit is regarded as out of court, as where the parties undertake to refer a suit not referrable, or omit to enter proper continuances. Graham's Practice, 493.

A discontinuance is somewhat similar to a non-suit, for when a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process regularly from day to day, and time to time, as he ought to do, the suit is discontinued, and defendant is no longer bound to attend. 3 Blackstone, 296, and 1 Bouvier's L. D., 481.

If a cause be *non pross*, and not reinstated at the same term, it is discontinued, and cannot be reinstated at a subsequent term. Riggs v. Chester, 2 Cranch's C. C. Reports, 637.

We think the cause was out of court by the order of dismissal.

The judgment must be affirmed.